UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Russell DeFreitas,<br><br>                            Plaintiff,<br><br>                            -v-<br><br>Suffolk County, Medical Doctor John Doe, Correctional Officer John Doe, Medical Staff Jane Doe 1, and Medical Staff Jane Doe 2,<br><br>                            Defendants. | 2:24-cv-5035<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an Amended Complaint (Am. Compl., ECF No. 20), a Second Application Seeking Leave to Proceed In Forma Pauperis ("IFP") (ECF No. 22), an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 23–24), and a Motion to Appoint Counsel (ECF No. 27) filed by Plaintiff Russell DeFreitas ("DeFreitas"), acting pro se, while incarcerated as a pretrial detainee at the Suffolk County Correctional Facility (the "Jail").

On October 15, 2024, the Court granted DeFreitas's initial IFP application (ECF No. 4) and dismissed the Complaint (Compl., ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) with leave to file an amended complaint in accordance with the guidance set forth therein. (Mem. & Order ("Oct. 2024 Order") at 11, ECF No. 19.)[1] DeFreitas timely filed the Amended Complaint on October 30, 2024. (Am. Compl.; *see also* Oct. 2024 Order at 11.)

---

[1] In each of the five cases DeFreitas filed prior to filing the Complaint in this case, DeFreitas was granted IFP status, and each case was subsequently dismissed in accordance with this

Since the Court granted DeFreitas's initial IFP application on October 15, 2024, DeFreitas's Second Application Seeking Leave to Proceed IFP is dismissed as moot. (Oct. 2024 Order at 11.)

For the reasons set forth below, the Court dismisses the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) without leave to file a second amended complaint. Given the dismissal of the Amended Complaint, DeFreitas's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 23–24) and Motion to Appoint Counsel (ECF Nos. 27) are dismissed as moot.

## BACKGROUND

### I. The Original Complaint

DeFreitas's Complaint was submitted on the United States District Court for the Eastern District of New York's complaint form for civil rights claims brought pursuant to 42 U.S.C.

---

Court's screening requirement and obligation. *See DeFreitas v. Sheriff Toulon, et al.*, No. 2:23-cv-5933 (E.D.N.Y. June 7, 2024) ("*DeFreitas I*"), ECF No. 27 (amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Kubetz, et al.*, No. 2:24-cv-2368 (E.D.N.Y. June 7, 2024) ("*DeFreitas II*") ECF No. 17 (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Kubetz, et al.*, No. 2:24-cv-2918 (E.D.N.Y. June 7, 2024) ("*DeFreitas III*") ECF No. 9 (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Toulon,* No. 2:24-cv-3394 (E.D.N.Y. June 7, 2024) ("*DeFreitas IV*") ECF No. 10 (28 U.S.C. § 2241 petition dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Kubetz*, No. 2:24-cv-5264 (E.D.N.Y. Aug. 20, 2024) (*DeFreitas V*"), ECF No. 11 (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)). Since filing this sixth action, DeFreitas has filed four more complaints accompanied by IFP applications. *See DeFreitas v. Senft*, No. 2:24-cv-6320 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VII*"), ECF No. 12 (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"); *DeFreitas v. Senft*, No. 2:24-cv-6347 (E.D.N.Y. Nov. 21, 2024) ("*DeFreitas VIII*"), ECF No, 7 (IFP granted); *DeFreitas, et al. v. Tierney*, No. 2:24-cv-6856 (E.D.N.Y Nov. 21, 2024) ("*DeFreitas IX*"), ECF No. 12 (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"); *DeFreitas v. The State of New York, et al.*, No. 2:24-cv-7813 (E.D.N.Y. Nov. 21, 2024) ("*DeFreitas X*"), ECF No. 11 (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision").

2

§ 1983 ("Section 1983"). (*See generally* Compl.) The Compliant names Suffolk County Sheriff, Errol D. Toulon, Jr. ("Sheriff Toulon"), and the Warden of the Jail, Michael Franchi ("Warden Franchi"), as Defendants and alleges the following:

> On or around April 10, 2023 at 2:00 p.m. . . . Correction officers and medical staff are not reporting they have COVID because the county facility is not paying their sick days. Inmates are being test for COVId and before their results are known they are being allowed to go to court and travel through the facility and have contact with others. Then the results come back positive for COVId but the inmate already went to court and had to cancel court then quarantine inmates. No cells are being cleaned before or after an inmate with covid has been in it. Medical nurse with covid hand me my medication while she wore no mask or latex gloves. I have had no visits, I only have contact with staff, inmates and on court appearances, yet I contracted Covid, was quarantined for 10 days, and not given or offered any medication without sever side effects, nor was I given a diet to fight/prevent covid.

(Compl. ECF No. 1, § II.)[2] Where the complaint form asks for a description of any injuries suffered as a result of the challenged events and any medical treatment required and/or received, DeFreitas wrote:

> I contracted covid and was quarantined in a cell who someone with covid was removed out of and the cell was not properly cleaned. I was not offered or given a medication without sever side effects nor was I given a diet to reduce the risk or fight the contraction of COVID.

(*Id.* § II.A.) For relief, DeFreitas sought "injunctive relief and a temporary restraining order, as well as $2,000.00 a day for every day I had COVId a total of $20,000.00." (*Id.* § III.)

Upon review of DeFreitas's Complaint and submissions filed therewith, the Court granted DeFreitas's IFP application and dismissed DeFreitas's Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the Complaint did not plausibly allege a

---

[2] Excerpts from the Complaint and Amended Complaint have been reproduced here exactly as they appear in the originals. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

deprivation of a right afforded by the Constitution and did not allege the personal involvement of either Defendant. (Oct. 2024 Order at 6–9.) In granting DeFreitas leave to file an amended complaint and "[i]n an abundance of caution," the Court made clear that any amended complaint:

> must clearly assert a basis for the Court's subject matter jurisdiction and state the grounds for relief, including naming the individuals who may be liable for the harms alleged and specific facts about how each of the named defendants personally caused him harm. To be clear, DeFreitas must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption and in the statement of claim. If DeFreitas does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. DeFreitas is cautioned that any amended complaint shall include a short and plain statement of the relevant facts supporting each claim against defendant named. In addition, because an amended complaint will completely replace, not supplement, the original complaint, any facts or claims that DeFreitas wants to include from the original complaint must be repeated in the amended complaint.

(*Id*. at 10–11.) Further, the Court "encouraged" DeFreitas to review the Court's June 7, 2024 Memorandum and Order entered in *DeFreitas* I, II, III, and IV,[3] wherein the Court set forth "the minimal requirements for a plausible deliberate indifference claim." (*Id*. at 10 (citing Mem. & Order, *DeFreitas I*, No. 2:23-cv-5933, at 36–39 (E.D.N.Y. June 7, 2024), ECF No. 27).)

## II. The Amended Complaint

Like his original Complaint, DeFreitas's Amended Complaint was submitted on the United States District Court for the Eastern District of New York's complaint form for civil rights claims brought pursuant to Section 1983. (*See generally* Am. Compl.) The Amended Complaint now names as Defendants Suffolk County and four unidentified individuals—(1)

---

[3] *See* Mem. & Order, *DeFreitas I*, No. 2:23-cv-5933, at 36–39 (E.D.N.Y. June 7, 2024), ECF No. 27; Mem. & Order, *DeFreitas II*, No. 2:24-cv-02368, at 36–39 (E.D.N.Y. June 7, 2024), ECF No. 17; Mem. & Order, *DeFreitas III*, No. 2:24-cv-02918, at 36–39 (E.D.N.Y. June 7, 2024), ECF No. 9; Mem. & Order, *DeFreitas IV*, No. 2:24-cv-03394, at 36–39 (E.D.N.Y. June 7, 2024), ECF No. 10.

4

Medical Doctor John Doe ("Dr. Doe"); (2) Correction Officer John Doe ("C.O. Doe"); (3) Medical Staff Jane Doe 1 ("Jane Doe 1"); and (4) Medical Staff Jane Doe 2 ("Jane Doe 2" and collectively, "Defendants"). (Am. Compl., ECF No. 20 at 1–3.) The Amended Complaint no longer includes either Sheriff Toulon or Warden Franchi as Defendants. (*See id.*)

Like his original Complaint, DeFreitas's Amended Complaint challenges the conditions of his confinement as they relate to the Jail's protocols concerning the COVID-19 virus. (*Compare* Compl. *with* Am. Compl.) The original Complaint, however, alleges that the challenged conditions were in place "on or around April 10, *2023*," while the Amended Complaint alleges the conditions were in place "[b]etween April 1 and April 20, *2024*." (Compl. at 3 (emphasis added); Am Compl. at 3 (emphasis added).) Specifically, the Amended Complaint alleges that the following took place "[b]etween April 1 and April 20, 2024," at the Jail's Medical Unit at the Yaphank Facility:

> Suffolk County stop paying sick days for County employees who contract covid-19 and became depraved indifference because employees stopped reported they contracted COVID-19 and continued to come to work.
>
> On or between April 1 and April 10, 2024, medical Staff Jane Doe 1 contracted COVID-19 and did not report it to Suffolk County Correctional Facility or Suffolk County Sheriff. She wore no protective mask or latex gloves and handed me my daily medication making hand to hand contact.
>
> On or around April 1 to April 10, 2024, inmate Terrence Sumpter went to a outside doctor 3 days a week and was never provided any protection or daily testing for COVID-19 and had social interaction with me daily between April 1 and April 10, 2024.
>
> On or around April 1, 2024, Inmate John Doe may be named "David Belford" was tested by Medical Staff Jane Doe 2 and before she gave him his results, she allowed correctional officers to turn him over to the custody of the deputies to be transferred to Court. Inmate John Doe maybe name David Belford had contact with other inmates in the hold cell and then it was discovered he had COVID-19, his Court date was cancelled and he was returned to the facility for quarantine, however, he had contact with other inmates who then had contact with inmate

5

> Terrence Sumpter, all I had contact with Terrence Sumpter and the other inmates who had contact with inmate John Doe maybe named David Belford.
>
> On or about April 9, 2024, Terrence Sumpter tested positive for COVID-19 and was quarantined.
>
> On or about April 10, 2024, I report to staff I felt sick I was tested and was positive for COVID-19.
>
> Medical Doctor John Doe only offered me one medication with numerous side effects including recontracting COVID-19. I was not provided adequate medicate or diet to fight or prevent COVID-19, including never being offered a vaccine or mask.
>
> On or about April 10, 2024, I was taken to a quarantine housing unit in which other inmates informed me someone in the cell I was enter for ten days with COVID-19 and it was never cleaned. I asked Correction Officer John Doe for cleaning supplies and I was denied any kind of cleaning supplies for the ten days I was in quarantine, and no one clean the area outside the quarantine cells wiped the tables or the telephone for the entire ten days of quarantine, nor was any cleaning supplies handed out to clean any cell, causing some inmates to recontract COVID after ten days of quarantine
>
> During around April 10, 2024 to April 20, 2024, every inmate that inmate John Doe maybe named David Belford had contact with in court came to quarantine.

(Am. Compl. ECF No. 20, § II.) Where the complaint form asks for a description of any injuries suffered as a result of the challenged events and any medical treatment required and/or received, DeFreitas did not provide any response and instead left that space blank. (*Id.* § II.A.) Nonetheless, DeFreitas seeks relief in the form of damages in the sum of "$2,000.00 a day for the ten days in quarantine from each defendant." (*Id.* § III.)

## LEGAL STANDARDS

I. **Sufficiency of the Pleadings**

28 U.S.C. § 1915 provides that, when a plaintiff is proceeding IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28

6

U.S.C. § 1915A(b)(1)–(2). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint or amended complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We the Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint or amended complaint must be sufficient to

7

give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted, alteration in original).

If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint at least once. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, further amendment would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## II. Section 1983 Claims

Section 1983 provides redress for constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Cty. of Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights).

To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. A Section 1983 claim against a municipality such as Suffolk County requires a plaintiff to show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Thus, "a

8

municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of respondeat superior.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

## DISCUSSION

For the reasons that follow, DeFreitas's Amended Complaint, like the original Complaint, even when liberally construed, does not plausibly allege a deprivation of a right afforded by the Constitution. (*See* Am. Compl.)

### I. Conditions of Confinement Claims

Despite the fact that this Court apprised DeFrietas of the importance of alleging his detention status (i.e., pre or post conviction) in the Court's October 15, 2024 Order, the Amended Complaint does not allege whether DeFreitas was a pre-trial detainee or a post-conviction inmate at the time of the challenged actions. (Oct. 2024 Order at 6; Am. Compl., *in toto*.) However, given his litigation history, the Court is aware that DeFreitas was a pre-trial detainee during the time of the challenged actions.[4] Thus, DeFreitas's deliberate indifference claims arise under the Fourteenth Amendment rather than the Eighth Amendment. *See Horace v.*

---

[4] *See* Am. Compl. at 3; New York State Office of Court Administration Indictment No. 71385-23 Page, https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=zh5wdCXyHsPQFjdt/aUTo3pd60b_PLUS_tLlbZ5DaQgCXeWw=&countyId=YBNR_PLUS_8hMN5FOYsxtqllbKA==&docketId=0eyfndEFrFXXJ0LHp1mqfQ==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Defreitas,+Russell&court=Suffolk+County+Court&courtType=U&recordType=U&recordNum= (last visited on March 17, 2025).

9

*Gibbs*, 802 F. App'x 11, 13–14 (2d Cir. 2020) ("A post-conviction-prisoner's deliberate indifference claim is analyzed under the Eighth Amendment while the same claim raised by a pretrial detainee is analyzed under the Due Process Clause of the Fourteenth Amendment."); *Gazzola v. County of Nassau*, No. 16-cv-909, 2022 WL 2274710, at *8 (E.D.N.Y. June 23, 2022) (same).

To allege a claim for deliberate indifference to health and safety under the Fourteenth Amendment's Due Process Clause, a plaintiff must allege facts that satisfy two prongs: (1) an "objective prong" showing that plaintiff's condition of confinement posed an unreasonable risk of serious harm to the plaintiff; and (2) a "*mens rea* prong" showing that the state actor's alleged conduct amounts to deliberate indifference to that objectively serious risk of harm. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019). In other words:

> the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety. In other words, the "subjective prong" (or "*mens rea* prong") of a deliberate indifference claim is defined objectively.

*Darnell*, 849 F.3d at 35.

"[T]here is no question that an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200 (E.D.N.Y. 2020). Under certain circumstances, a detainee's exposure to COVID-19 could "pose an unreasonable risk of serious damage to his health," thereby satisfying the objective prong. *Darnell*, 849 F.3d at 29. For instance, this may be true with respect to a particularly vulnerable inmate with a significant underlying medical condition. *See Arias v. Decker*, 459 F. Supp. 3d 561, 572 (S.D.N.Y. 2020) ("[T]he Supreme

10

Court has recognized that government authorities may be deemed 'deliberately indifferent to an inmate's current health problems' where they 'ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year,' including 'exposure of inmates to a serious, communicable disease,' even when 'the complaining inmate shows no serious current symptoms.'") (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). In such cases, a plaintiff need only show "that the conditions of confinement 'pose an unreasonable risk of serious damage to their future health.'" (*Id.* (quoting *Helling*, 509 U.S. at 33).)

Even assuming that the Amended Complaint's allegations concerning the Jail's COVID-19 protocols are true, DeFreitas has not alleged that he is at high-risk or that the protocols at issue posed an unreasonable risk to his future health. *C.f. Arias*, 459 F. Supp. 3d at 573 (concluding "that the inadequate measures implemented by" respondent immigration officials "amount to a reckless failure to act with reasonable care to protect" petitioner detainees from COVID-19, "as *high-risk individuals*") (emphasis added).

Furthermore, DeFreitas has not alleged any facts from which the Court could reasonably find that the Jail's protocols created a substantial risk of serious harm to DeFreitas or that any Defendant acted with the requisite state of mind. While DeFreitas alleges that he tested positive for the COVID-19 virus on April 10, 2024, he also alleges that he was provided medical care by Dr. Doe, that he was taken to a quarantine housing unit,[5] and one unspecified medication was offered to him. (*Id*. at 6–7.)

---

[5] DeFreitas's claim concerning the cleanliness of the quarantine unit is a nonstarter. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349, (1981); *see also Montes v. O'Shea*, 2021 WL 1759853, at *8 (N.D.N.Y. Apr. 6, 2021) (allegations of unsanitary conditions at a prison, standing alone, failed to rise to the level of

11

Given the Amended Complaint's allegations that the medication offered to DeFreitas had "numerous side effects" and that he was not provided "a diet to fight or prevent COVID-19, including never being offered a vaccine or mask," it appears that DeFreitas disagrees with the medical care that was provided. However, "[i]t is well-established that [neither] mere disagreement over the proper treatment," *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998), nor "[m]edical malpractice . . . become[s] a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, as is readily apparent, the Amended Complaint does not plausibly allege a deprivation of DeFreitas's Fourteenth Amendment rights. Accordingly, such claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)–(ii) and 1915A(b)(1).[6]

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

---

objective harm).

[6] Because the Amended Complaint does not adequately plead a violation of DeFreitas's Fourteenth Amendment rights, the Court need not address whether the Amended Complaint plausibly allege a *Monell* claim against Suffolk County. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address *Monell* claim after finding no underlying constitutional violation).

and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, it is unclear whether the Amended Complaint pleads any state law claims. Nevertheless, to the extent that it does, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Amended Complaint.

### III. Leave to File a Second Amended Complaint

"Although a pro se litigant should generally be given leave to file an amended complaint," the court may decline to provide such leave if "[p]laintiff was already afforded an opportunity amend his Complaint and he ignored the guidance provided in the M&O in filing the present Amended Complaint." *Lopez v. Ambro*, No. 19-cv-3596, 2020 WL 364135, at *4 (E.D.N.Y. Jan. 21, 2020); *see also De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996). Indeed, leave to further amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, further amendment would be futile because DeFreitas has wholly ignored the clear guidance the Court provided concerning the minimal pleading requirements. (*See generally* Oct. 2024 Order.) Thus, the Court declines to grant leave to file a second amended complaint. *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 574 n.28 (S.D.N.Y. 2016) ("[T]he [c]ourt has given [p]laintiff two bites at the apple, and there is no need for a third bite."); *see also Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (explaining that a plaintiff is not entitled to "a third go-around"); *Treppel v. Biovail Corp.*, No. 03–cv–3002, 2005 WL 2086339, at *12 (S.D.N.Y.

13

Aug. 30, 2005) (explaining that "leave to amend would be futile because [the] plaintiff has already had two bites at the apple and they have proven fruitless").

## CONCLUSION

For the reasons set forth above, the Court dismisses the Amended Complaint (ECF No. 20) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) without leave to file a second amended complaint. Given the dismissal of the Amended Complaint, DeFreitas's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 23–24) and Motion to Appoint Counsel (ECF No. 27) are dismissed as moot.

Additionally, since the Court granted DeFreitas's initial IFP application on October 15, 2024, DeFreitas's Second Application Seeking Leave to Proceed IFP is dismissed as moot. (Oct. 2024 Order at 11.)

The Clerk of the Court shall enter Judgment accordingly and mail a copy of this Memorandum and Order and Judgment to DeFreitas at his address of record with the notation "Legal Mail" on the envelope and record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      March 18, 2025

                                             */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge